The allegations and evidence are sufficiently stated there. A repetition of them is unnecessary here. On the retrial below the jury answered these issues in the affirmative: "(1) Did the defendant publish of and concerning the plaintiff the article as alleged in the complaint? (2) If so, was it true?" Other issues were not answered.

From judgment thereupon for defendants, plaintiff appealed to the Supreme Court, and assigns error.

*Gulley & Gulley for plaintiff, appellant.*
*Bunn & Arendell for defendants, appellees.*

PER CURIAM. The record on this appeal shows that the case has been properly submitted to the jury in accordance with the decision on former appeal. We have given careful consideration to all of plaintiff's assignments of error, and find

No error.

---

RUTH WATFORD HALL v. ALBERT HALL.

(Filed 28 September, 1938.)

APPEAL by defendant from *Burgwyn, Special Judge,* at April Term, 1938, of HERTFORD. Affirmed.

Plaintiff brought this action, under C. S., 1667, for her support and maintenance, alleging abandonment by her husband, the defendant.

Plaintiff testified that defendant had treated her with great cruelty, frequently abusing and beating her until finally plaintiff was compelled to leave her husband's home because of fear for her own safety and to seek refuge elsewhere, and that defendant had not provided for her a reasonable subsistence.

The defendant testified, denying the charges made by the plaintiff in her complaint and in her testimony. Defendant testified that his wife drank much, that he had never assaulted or cursed or abused her, that he did not tell her to leave, and that she left voluntarily for a different cause without fault of his.

During the trial, on cross-examination, the defendant was asked why he went to Newport News and attempted to obtain depositions derogatory to his wife's character. The defendant testified that he went over there and asked someone about her, and related what he had heard this man say. Defendant excepted to the action of the trial judge striking out the answer to the question.

The defendant excepted for that his Honor did not sufficiently instruct the jury as to what would constitute abandonment by the defendant; and there is a further exception that the Judge's charge in full did not comply with the requirements of C. S., 564.

*E. R. Tyler and W. D. Boone for plaintiff, appellee.*

*E. L. Travis, C. W. Jones, and J. Carlton Cherry for defendant, appellant.*

PER CURIAM. Upon the exceptions in this case, we do not find sufficient reason to disturb the result of the trial, and the judgment is, therefore,

Affirmed.

---

MAMIE HARRISON AND HUSBAND, ORLANDER HARRISON, v. J. H. BULLOCK.

(Filed 28 September, 1938.)

APPEAL by defendant from *Thompson, J.,* and a jury, at April Term, 1938, of BEAUFORT. No error.

This is an action brought by plaintiffs against defendant to remove cloud from title to a certain tract of land claimed by plaintiffs and that plaintiffs be adjudged the owners of same. The issues submitted to the jury and their answers thereto were as follows:

"1. Is Pine Island embraced within the boundaries of the land described in the complaint, which is Lot No. 9 in the division of the Chauncey land? Answer: 'Yes.'

"2. Are plaintiffs the owners and entitled to the possession of Pine Island, as alleged in the complaint? Answer: 'Yes.'

"3. If so, has the defendant cut and removed timber and trees from Pine Island? Answer: 'Yes.'

"4. What damage, if any, have plaintiffs sustained thereby? Answer: '$100.00.'"

The court below rendered judgment for plaintiffs on the verdict. The defendant made numerous exceptions and assignments of error and appealed to the Supreme Court.

*Carter & Carter for plaintiffs.*

*S. J. Everett and Grimes & Grimes for defendant.*